UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Curt Sticha,<br><br>       Plaintiff,<br><br>vs.<br><br>Brandl/Anderson Homes, Inc.,<br><br>       Defendant. | Case No.:  0:21-CV-02111 (DSD/BRT)<br><br>**DEFENDANT BRANDL/ANDERSON HOMES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

Plaintiff Curt Sticha ("Plaintiff") is a licensed real estate agent who sold homes on behalf of Defendant Brandl Anderson Homes, Inc. ("BAH") as an independent contractor from 2011 to 2021. Despite admittedly receiving all the commissions he was owed, and despite working under this arrangement for over ten years without complaint, Plaintiff now seeks to challenge his classification as an independent contractor. Plaintiff asserts a multitude of frivolous claims, all of which rely on his assertion that he should have been classified as an employee of BAH due to the control BAH allegedly asserted over his daily activities. However, Plaintiff's claims all fail as a matter of law because he was *not* improperly classified as an independent contractor pursuant to Minnesota's Administrative Rule 5224.0230.

Unlike Minnesota common law, under Administrative Rule 5224.0230, the classification of a licensed real estate agent is *not* determined by the level of control a putative employer exercised over the agent. Instead, it depends upon whether the agent is considered a "qualified real estate agent" under the Internal Revenue Code, or alternatively,

2514073 v1

whether the agent and his or her broker substantially meet a number of conditions set forth in the Rule. Because Plaintiff meets the definition of a qualified real estate agent and because he and his brokers substantially meet the conditions set forth in Rule 5224.0230, Plaintiff was properly classified as an independent contractor and his claims all fail as a matter of law.

## STATEMENT OF UNDISPUTED FACTS

### I.     Plaintiff's Initial Employment with BAH

Defendant Brandl/Anderson Homes, Inc. ("BAH") is a Minnesota corporation. (Compl. ¶ 2.) Plaintiff Curt Sticha ("Plaintiff") is a licensed real estate agent who previously sold homes built by Defendant. (*See* Compl.)

Plaintiff was hired by BAH as an employee salesperson in 2003. (Affidavit of Lisa Lamm Bachman ("Bachman Aff.") Ex. 1, Deposition of Plaintiff Curt Sticha ("Plaintiff Depo.") p. 15.) As an employee, Plaintiff received benefits such as health and dental insurance, a 401(k), a phone, and fuel allowance. (Compl. ¶ 3; Plaintiff Depo. p. 16.) Plaintiff initially received a base salary and bonuses for sales. (Plaintiff Depo. p. 16.) Later, his compensation changed to a commission structure where he earned a 2.5% commission on home sales if another realtor was involved and a 3.5% commission if there was no other realtor involved. (*Id.* pp. 16-17.) Plaintiff's job duties included maintaining model home hours, completing out sales reports, collecting data from individuals visiting the model home, maintaining the neighborhood signage, and attending sales meetings. (Plaintiff Depo. pp. 17-18.)

2514073 v1

While Plaintiff was employed by BAH, his real estate license was held by Value Realty, a brokerage owned by John David Anderson, the founder and co-owner of BAH. (Plaintiff Depo. p. 16; Bachman Aff. Ex. 2, Deposition of John David Anderson ("Anderson Depo.") p. 13.)

## II. Plaintiff's Independent Contractor Relationship with BAH

In approximately 2011, BAH decided that it would no longer employ agents, and Value Realty would no longer hold the licenses for salespeople. (Anderson Depo. p. 17.) The licenses were transferred to Edina Realty, and Edina Realty was to direct the work of the salespeople going forward. (*Id.*)

As part of this transition, Plaintiff was no longer an employee of BAH and instead became an independent contractor. (*See id.*) After becoming an independent contractor, Plaintiff continued to receive commissions, but he no longer received benefits such as insurance and a 401K. (Plaintiff Depo. p. 20) BAH also no longer provided Plaintiff with a fuel allowance, and eventually it stopped paying the cost of Plaintiff's cell phone. (Compl. ¶ 7; *see* Plaintiff Depo. pp. 20, 23.)

BAH provided listings to Edina Realty pursuant to listing agreements. (*See* Affidavit of John David Anderson ("Anderson Aff.") Ex. A, Examples of Edina Realty Listing Agreements). The listing agreements provided that BAH was the seller and Edina Realty was the broker. (*Id.*) The listing agreements further provided that BAH would compensate Edina Realty a certain percentage of the selling price. (*Id.*) Edina Realty then paid commissions directly to Plaintiff as the agent. (Plaintiff Depo. p. 44.) While he was licensed with Edina Realty, Plaintiff exclusively sold BAH homes on behalf of Edina

3

Realty. (*See* Plaintiff Depo. p. 22.)

Plaintiff's job duties also changed following this transition. Plaintiff testified that his workload increased, in part because he was required to engage in additional marketing duties and perform activities such as cleaning the model home. (*Id.*) While Plaintiff was given a BAH email address and business cards, he was also provided with business cards with the Edina Realty logo. (Anderson Depo. p. 45.) Edina Realty also held weekly sales meetings that Plaintiff was expected to attend. (Plaintiff Depo. p. 21.) As an independent contractor, Plaintiff was also expected to pay certain business expenses, such as purchasing plantings and Wi-Fi for his model home. (Plaintiff Depo. pp. 21.)

Plaintiff did not work a set number of hours per week. However, BAH publicly advertised hours that its model homes were open to the public, and agents were asked to be present in their assigned model homes during those hours. (Bachman Aff. Ex. 3, Deposition of Jennifer Sexton ("Sexton Depo.") p. 19.) If an agent was unavailable during their model hours, they could arrange for another real estate agent to cover those hours, provided that BAH approved of the substitute agent. (Plaintiff Depo. p. 42.)

### III. Transfer of Plaintiff's License to Prandium

In the summer of 2019, Plaintiff transferred his license from Edina Realty to Prandium Group Real Estate Services ("Prandium"). (Plaintiff Depo. pp. 38-39.) Plaintiff executed an Agent Independent Contractor Agreement with Prandium, which stated that Plaintiff was not an employee of Prandium, and that he would be responsible for all tax withholdings. (Bachman Aff. Ex. 4, Plaintiff Depo. Ex. 1.)

BAH provided listings to Prandium pursuant to listing agreements, which identified

4

BAH as the seller and Prandium as the broker. (Anderson Aff. Ex. B, Prandium Listing Agreements). Prandium was compensated pursuant to those listing agreements, and commissions were paid directly to Plaintiff by Prandium. (*See id.*; Plaintiff Depo. pp. 44-45.)

As his broker, Prandium also provided Plaintiff with resources, including office space and marketing materials. (Plaintiff Depo. pp. 32, 50.) Plaintiff's job duties did not change following the transfer of his license from Edina Realty to Prandium. (Plaintiff Depo. p. 33.)

### IV. Termination of Plaintiff's Relationship with BAH

On September 8, 2021, BAH terminated its relationship with Plaintiff. (Compl. ¶ 27; Plaintiff Depo. p. 68.) Plaintiff had several clients whose purchase agreements had not yet closed. (Plaintiff Depo. p. 68.) Plaintiff continued to work with those clients to close their purchases, and he received his full commissions for those home sales. (*Id.*)

### V. Plaintiff's Acknowledgment of Independent Contractor Relationship

On approximately March 2, 2021, Plaintiff executed a document acknowledging that he was *not* an employee of BAH. (Bachman Aff. Ex. 5, Plaintiff Depo. Ex. 4.) The document states:

> I, Curt Sticha, am a licensed real estate agent affiliated as an independent contractor with Prandium Group Real Estate, LLC, and formerly Edina Realty. . . Since 2011, I have not been an employee of Brandl Anderson Home[s], Inc. My relationship with Brandl Anderson Homes, Inc. is purely as a listing agent under Prandium Group Real Estate and . . . Edina Realty's listing contracts with Brandl Anderson Home[s], Inc.

Shortly before signing this document, Plaintiff met with Anderson. (Anderson

5

2514073 v1

Depo. pp. 23-24.) Anderson presented Plaintiff with the document acknowledging his status as an independent contractor. (Plaintiff Depo. p. 56.) Anderson asked Plaintiff to sign the document, and in exchange, he would refrain from invoking the 120-day price protection clause contained in the purchase agreements for Plaintiff's three remaining BAH clients. (Anderson Depo. p. 24.) The 120-day price protection clause provided that the purchase price on a BAH home was guaranteed for 120 days after execution of the purchase agreement. (Plaintiff Depo. p. 54.) If the closing did not occur within that 120-day period, BAH had the option to change the price to reflect current market conditions. (Plaintiff Depo. pp. 54-55.)

Plaintiff now asserts that he was coerced into signing this acknowledgement in order to avoid BAH invoking the price protection clause. (*See* Plaintiff Depo. p. 83.) However, Plaintiff was given an opportunity to consult with an attorney prior to signing this agreement. (Plaintiff Depo. p. 58.) Plaintiff also consulted with Craig Kanis, a representative of Edina Realty, as his broker. (Plaintiff Depo. pp. 56-58.) After consulting with his attorney and his broker, Plaintiff voluntarily signed the document. (Plaintiff. Depo. p. 58.)

Plaintiff now acknowledges that he has received all the commissions he was entitled to based upon his services as an independent contractor. (Plaintiff Depo. p. 76.)

## ARGUMENT

I. **Plaintiff's Claims Fail as a Matter of Law Because He Was Properly Classified as an Independent Contactor Pursuant to Minnesota Administrative Rule 5224.0230.**

6

Plaintiff now asserts seven claims against BAH, all of which rely upon his assertion that he was improperly classified as an independent contractor. Plaintiff's claims all fail as a matter of law because he was properly classified as an independent contractor under Minnesota law.

Minnesota Administrative Rule 5224.0230 governs the circumstances under which real estate agents are considered independent contractors. Rule 5224.0230 provides:

> A real estate salesperson who is a qualified real estate agent under the Internal Revenue Code of 1954, section 3508(b)(1) is an independent contractor… A real estate salesperson who is not a qualified real estate agent under that standard is nonetheless an independent contractor if all the following conditions are substantially met.
>
> A. The salesperson is licensed to one broker and the cost of the license is paid by the salesperson.
>
> B. The broker makes available to the salesperson office facilities and property listing, and assists the salesperson by giving advice and by cooperating in his or her endeavors.
>
> C. The broker furnishes the salesperson with necessary business forms, stationery, cards, and instructs him or her in office procedures and business policies either verbally or by means of written instructions, such as sales manuals.
>
> D. The salesperson agrees to work diligently for the broker and to conduct his or her business and regulate his or her habits so as to maintain and increase the good will and reputation of the broker.
>
> E. The salesperson agrees not to sell for other brokers.
>
> F. The salesperson provides his or her own transportation and pays all expenses incurred in the solicitation of business.
>
> G. The salesperson generally reports to work daily but works no fixed number of hours.
>
> H. Meetings are held in the broker's office on a regular basis, usually weekly, but attendance at these meetings is voluntary.
>
> I. Sales are closed in the name of the broker.
>
> J. The money is turned over to the broker who pays the salesperson commissions at periodic intervals.

K. The salesperson's success is primarily dependent on his or her own initiative and effort.

Thus, there are two methods for real estate agents to qualify as independent contractors under the Rule: 1) they are a "qualified real estate agent" under the Internal Revenue Code, or 2) they meet the conditions set forth in sections A through K of the Rule.

### A. Plaintiff Meets the Definition of a "Qualified Real Estate Agent"

Under the first provision of the Rule, a real estate agent is properly classified as an independent contractor if they meet the definition of "qualified real estate agent" in the Internal Revenue Code of 1954, section 3508(b)(1).

The Internal Revenue Code of 1954, section 3508(b)(1) (codified at 26 U.S.C. § 3508) provides:

> The term "qualified real estate agent" means any individual who is a sales person if--
>
> (A) such individual is a licensed real estate agent,
>
> (B) substantially all of the remuneration (whether or not paid in cash) for the services performed by such individual as a real estate agent is directly related to sales or other output (including the performance of services) rather than to the number of hours worked, and
>
> (C) the services performed by the individual are performed pursuant to a written contract between such individual and the person for whom the services are performed and such contract provides that the individual will not be treated as an employee with respect to such services for Federal tax purposes.

Plaintiff meets all three of these requirements. At all relevant times, he was a licensed real estate agent, and he earned his compensation through commissions tied to his sales output, rather than the number of hours he worked. Plaintiff also executed an independent contractor agreement with Prandium that indicated he was providing services as an independent contractor and would not be treated as an employee for tax purposes.

8

Consequently, Plaintiff is a qualified real estate agent under the Internal Revenue Code and properly classified as an independent contractor pursuant to Rule 5224.0230.

### B. Plaintiff Meets the Requirements in Sections A through K of Administrative Rule 5224.0230

Even if Plaintiff did not meet the definition of a qualified real estate agent, he still was properly classified as an independent contractor because all the conditions of Sections A through K of Minnesota Administrative Rule 5224.0230 are substantially met.

Subsection A of Rule 5224.0230 provides that the agent must be licensed to one broker and the cost of the license must be paid by the agent. Plaintiff was licensed to Edina Realty from 2010 to 2019, and to Prandium from 2019 to 2020.

Subsection B indicates that the broker must provide office facilities and property listings, as well as assist the agent by giving advice and cooperating. Edina Realty and Prandium provided office facilities and the property listings pursuant to the listing agreements with BAH.

Subsection C requires the broker to furnish the agent with "necessary business forms, stationery, cards" and to instruct the agent "in office procedures and business policies either verbally or by means of written instructions, such as sales manuals." Edina Realty and Prandium met this requirement because they provided Plaintiff with resources such as business cards and marketing materials.

Subsection D requires the agent "to work diligently for the broker and to conduct his or her business and regulate his or her habits so as to maintain and increase the good will and reputation of the broker." It is clear from Plaintiff's Complaint that he believed he

9

was required to work diligently to sell homes pursuant to the listing agreements between Edina Realty/Prandium and BAH.

Subsection E provides that the agent must agree not to sell for other brokers. Plaintiff sold exclusively for Edina Realty until April 2019, and exclusively for Prandium thereafter.

Subsection F requires the agent to provide his or her own transportation and pay "all expenses incurred in the solicitation of business." Plaintiff was responsible for business expenses relative to his sales of BAH homes, such as the cost of Wi-Fi and costs related to maintaining his model home.

Subsection G provides that the agent "generally reports to work daily but works no fixed number of hours." This condition was also met. Plaintiff was expected to be present in his model home during the advertised model home hours. However, he was not required to work a fixed number of hours per week. Additionally, Plaintiff did not personally need to cover the model home hours, provided he found a substitute agent to cover the hours for him.

Subsection H requires that regular meetings are held in the broker's office, but attendance is voluntary. Plaintiff was asked to attend weekly meetings with Edina Realty.

Subsection I provides that sales be closed in the name of the broker. BAH homes were closed in the name of either Edina Realty or Prandium as the broker, and BAH as the seller. BAH home sales were never closed in Plaintiff's name individually.

Subsection J states that the sales proceeds must be turned over to the broker, who then pays the agent commissions at periodic intervals. The listing agreements between

BAH and Edina Realty/Prandium state that the seller shall pay the broker (not the agent). Edina Realty and Prandium then paid commissions directly to Plaintiff.

Finally, subsection K provides that the agent's success must be primarily dependent on his or her own initiative and effort. This condition was met as Plaintiff only received commissions for the sales that he successfully made based upon his effort.

In summary, based upon the fact that Plaintiff meets the conditions of Minnesota Administrative Rule 5224.0230, he was not misclassified as an independent contractor. Because Plaintiff was properly classified as an independent contractor rather than an employee, all his claims fail as a matter of law and should be dismissed.

## CONCLUSION

Based upon the forgoing reasons, Plaintiff's claims that he was misclassified as an independent contractor fail as a matter of law. BAH respectfully requests that the Court grant its Motion for Summary Judgment in its entirety and dismiss Plaintiff's claims with prejudice.

**FOLEY & MANSFIELD, PLLP**

Dated:  August 22, 2022        By:   *s/ Lisa M. Lamm Bachman*
                                      Lisa M. Lamm Bachman (#264313)
                                      Tessa Mansfield Hirte (#0396591)
                                      250 Marquette Avenue, Suite 1200
                                      Minneapolis, MN  55401
                                      Telephone:  (612) 338-8788
                                      Email:  llammbachman@foleymansfield.com
                                              tmansfield@foleymansfield.com

                                      Attorneys for Defendant

11