```
              UNITED STATES DISTRICT COURT
                  DISTRICT OF MINNESOTA
               CIVIL NO. 21-2111(DSD/TNL)
```

Curt Sticha,

        Plaintiff,

v.                                                **ORDER**

Brandl/Anderson Homes, Inc.,

        Defendant.

    Eric D. Satre, Esq. and Satre Law Firm, International Plaza, 7900 International Drive, Suite 300-7044, Bloomington, MN 55425, counsel for plaintiff.

    Lisa L. Bachman, Esq. and Foley & Mansfield, 250 Marquette Avenue, Suite 1200, Minneapolis, MN 55401, counsel for defendant.

This matter is before the court upon the motion for summary judgment by defendant Brandl/Anderson Homes, Inc. (BAH). Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.

## BACKGROUND

This dispute arises out of plaintiff Curt Sticha's tenure as a real estate agent selling BAH homes. BAH is a Burnsville, Minnesota based home builder. The key issue in the case is whether Sticha was, at relevant times, an employee of BAH or an independent contractor.

Sticha began working for BAH in 2003 as a salesperson. Sticha Dep. at 15:7-24. His duties involved working in BAH model homes for certain hours during the week, filling out sales reports, collecting data from prospective buyers, and maintaining company signage. Id. at 17:8-21. He was also required to attend sales meetings. Id. at 18:4-9.

It is undisputed that for the first eight years BAH classified Sticha as an employee. During that time, Sticha's real estate license was held by Value Realty, a brokerage owned by BAH. Id. at 16:9-12; Anderson Dep. at 13:19-25. In 2011, BAH moved the licenses of its salespeople from Value Realty to Edina Realty and informed Sticha that he was now an independent contractor. Anderson Dep. at 17:3-6.[1] Sticha understood that he would no longer receive a W-2 form for taxes and would receive a 1099 form instead. Compl. ¶ 6. Sticha was paid on commission as he was before the change, but was no longer provided benefits, 401K contributions, or fuel and cell phone reimbursement. Sticha Dep. at 20:18-22:9; 22:22-23:7; Compl. ¶ 7.

As a practical matter, this change meant that Edina Realty served as the broker for BAH homes and Sticha as a salesperson

---

[1] The deposition transcript indicates that the transfer occurred in 2007 but given the parties' agreement that transition occurred in 2011, the court will assume that the date in the transcript is in error.

under Edina Realty's brokerage, although he exclusively sold BAH homes. Sticha Dep. at 22:19-21; see Anderson Aff. Ex. A. Edina Realty paid sales commissions directly to Sticha. Sticha Dep. at 44:14-23. After the change in 2011, Sticha did not receive compensation from BAH.

Sticha avers that his workload increased after the transition because he had to continue to follow BAH's salesperson requirements while also attending Edina Realty sales meetings. Id. at 21:2-12. He also had increased marketing responsibilities, as identified by BAH. Id. at 21:19-22:2. Although Sticha was not required to work a certain number of hours per week, he was required to be present at the model homes during posted open hours. Sexton Dep. at 19:5-13. If he could not cover the model home for the posted hours, he could arrange for a substitute agent to cover his hours, subject to BAH's approval. Id. at 19-25; Sticha Dep. at 42:15-23.

In 2019, Sticha transferred his real estate license from Edina Realty to Prandium Group Real Estate, LLC. In doing so, he signed and Agent Independent Contractor Agreement expressly acknowledging that he was an independent contractor and not an employee. ECF No. 35. He further acknowledged that he was responsible for all tax withholdings, which is consistent with independent-contractor status. Id. Although Sticha changed brokerage houses, his work

3

remained this same.  Sticha Dep. at 33:2-5.  He still worked exclusively selling BAH homes, but now did so for Prandium instead of Edina Realty.  See Anderson Aff. Ex. B; Sticha Dep. at 44:24-45:6.  Prandium paid commissions directly to Sticha, as Edina Realty had done previously.  Sticha Dep. at 45:1-6.

On September 8, 2020, BAH informed Sticha that it was severing ties with him.  Id. at 68:1-7.  BAH permitted Sticha to close on his pending purchase agreements and paid him full commissions on those home sales once they closed.  Id. at 68:19-24; 76:1-6.  On March 2, 2021, Sticha signed a document attesting to his independent-contractor status:

> I, Curt Sticha, am a licensed real estate agent affiliated as an independent contractor with Prandium Group Real Estate, LLC, and formerly Edina Realty.  Both companies have and had a relationship with Brandl Anderson Home, Inc. under a listing contract/contracts.  Since 2011, I have not been an employee of Brandl Anderson Home[s], Inc.  My relationship with Brandl Anderson Homes, Inc. is purely as a listing agent under Prandium Group Real Estate and ... Edina Realty's listing contracts with Brandl Anderson Home, Inc.

Bachman Aff. Ex. 5.  Sticha signed the document at BAH's request.  Sticha Dep. at 56:14-22; Anderson Dep. at 23:25-24:5.  In exchange, BAH agreed to not enforce the 120-day price protection clause in

4

Sticha's pending contracts.[2]  Sticha Dep. at 56:22-24.  Before signing the independent-contractor status document, Sticha conferred with his broker from Edina Realty, his attorney, and his wife, who is also an attorney.  Id. at 57:24-58:10.  He agreed to sign the document given their guidance.  Id. at 58:11-25.

On August 24, 2021, Sticha commenced this action in state court alleging various claims including violations of Minnesota's wage protection statutes; violation of the Fair Labor Standards Act and its Minnesota counterpart; unjust enrichment; and violation of the Minnesota Uniform Deceptive Trade Practices Act.  He seeks damages and declaratory relief.  On September 24, 2021, BAH timely removed to this court and now moves for summary judgment.

## DISCUSSION

### I. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ.

---

[2] The price-protection clause locks in the buyer's sale price for 120 days after the purchase agreement is signed.  Sticha Dep. at 54:17-21.  If the market shifts during that period and the buyer has yet to close, BAH can thereafter increase the price of the house.  Id. at 54:22-55:3.

P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. Id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. Celotex, 477 U.S. at 324. A party asserting that a genuine dispute exists - or cannot exist - about a material fact must cite "particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Celotex, 477 U.S. at 322-23.

**II. Employee vs. Independent Contractor**

The parties agree, as does the court, that the dispositive issue in this case is whether Sticha was properly classified as an independent contractor after 2011. If he was, then none of his

6

claims are viable.

Whether Sticha was an independent contractor is governed by Minnesota Administrative Rule 5224.0230, Supbpart 2, which governs the classification of real estate and securities salespeople. Under the rule, a "real estate salesperson who is a qualified real estate agent under the Internal Revenue Code of 1954, section 3508(b)(1) is an independent contractor." Section 3508(b)(1) in turn provides that a qualified real estate agent is a salesperson who (a) is a licensed real estate agent; (b) is compensated for the real estate sales rather than the number of hours worked; and (c) performs services "pursuant to a contract between such individual for whom the services are performed and such contract provides that the individual will not be treated as an employee with respect to such services for Federal tax purposes."

Sticha concedes that he is a licensed real estate agent. He suggests, however, that there may be a fact issue as to the second factor regarding compensation because his pay was based on completed home sales. The court fails to see how this fact undermines a finding that his compensation was tied to sales rather than hours logged. Indeed, the very nature of his pay –commissions earned based on completed home sales – unequivocally establishes the second element of the test. The fact that he needed to do certain things to accomplish those sales seems wholly irrelevant

7

to the issue. Sales do not happen absent effort by the salesperson, however structured or dictated by the client or broker. Commission-based compensation is designed to take that effort into consideration.

Sticha also disputes that the third factor is met here. He very briefly states that there are material disputed facts because he believes he was working for BAH rather than his broker at the time, Prandium.[3] The court disagrees. First, there is a contract between Prandium and Sticha plainly stating that Sticha is an independent contractor for purposes of taxation. Thus, a key part of the third factor is readily met. Second, the question of who he performed services for is also clear from the record. Sticha worked for and was paid directly by Prandium, who had listing agreements with BAH. Sticha did not have a written contract with BAH. The fact that BAH, as the client, required Sticha to engage in certain tasks in selling its homes does not change the analysis. If that were the case, no real estate salesperson would be considered a qualified real estate agent given that homeowners commonly have rules around how their homes may be shown and sold.

---

[3] Sticha does not dispute that Prandium is the broker relevant to this analysis even though Edina Realty was his prior broker. In any event, Sticha has acknowledged, after receiving legal and industry counsel, that he was an independent contractor when Edina Realty served as his broker. As such, the court will focus on whether Sticha performed services for Prandium or BAH.

Under these circumstances, the record compels the conclusion that Sticha was a "real estate salesperson who [wa]s a qualified real estate agent under the Internal Revenue Code of 1954, section 3508(b)(1) is an independent contractor."[4] As such, Sticha's claims fail as a matter of law and must be dismissed.

In making this determination, the court disregards Sticha's self-serving affidavit, through which he attempted to create fact issues precluding summary judgment. When considering a motion for summary judgment, however, the court must reject all conclusory and self-serving testimony unsupported by additional facts. See Ballard v. Heineman, 548 F.3d 1132, 1136 (8th Cir. 2008) (citing Allen v. Entergy Corp., 181 F.3d 902, 906 (8th Cir. 1999) ("[C]onclusory affidavits devoid of specific factual allegations rebutting the moving party's evidence cannot defeat a summary judgment motion."); Conolly v. Clark, 457 F.3d 872, 876 (8th Cir. 2006) ("[A] properly supported motion for summary judgment is not defeated by self-serving affidavits."). Even if the court were to consider his affidavit, it would not reach a different conclusion given the undisputed dispositive facts set forth in the record, as discussed

---

[4] Given this determination, the court declines to address whether Sticha substantially meets all of the conditions set forth in second clause of Minnesota Administrative Rule 5224.0230, Subpt. 2.

9

above.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED that:**

1.   The motion for summary judgment [ECF No. 22] is granted; and

2.   The case is dismissed.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   December 5, 2022

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court